**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER PITTMAN, an individual; <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; ZACHARY MCAULIFFE, in his individual capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: <br><br> <u>COMPLAINT FOR DAMAGES</u> <br> (42 U.S.C. §1983) <br><br> <u>JURY TRIAL DEMANDED</u> |

# INTRODUCTION

1. On May 7, 2021 San Francisco Police Officer Zachary McAuliffe unreasonably and unnecessarily shot Plaintiff Xavier Pittman in broad daylight while Mr. Pittman was unarmed, compliant and in the process of being handcuffed. Perhaps the best summation of this unconstitutional police conduct came from Defendant McAuliffe's boss, San Francisco Police Chief Bill Scott: "The shooting of Mr. Pittman, quite simply, should not have happened."[1]

2. Mr. Pittman did not pose a threat to Defendant McAuliffe or anyone else at any point during the encounter. Moreover, the officers had no reason to believe that Mr. Pittman was armed. Nevertheless, Defendant McAuliffe still shot Mr. Pittman in the wrist from point-blank range.

3. This shooting was a flagrant excessive use of deadly force on an unarmed and cooperative person in broad daylight. Mr. Pittman was hospitalized and continues to experience pain, physical discomfort and emotional distress.

# JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in San Francisco, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

# PARTIES

5. Plaintiff XAVIER PITTMAN is a competent adult and California resident.

6. Defendant CITY AND COUNTY OF SAN FRANCISCO ("CITY") is and at all times

---

[1] https://www.sfchronicle.com/crime/article/SFPD-chief-offers-rare-apology-to-auto-burglary-16176057.php

herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the SAN FRANCISCO POLICE DEPARTMENT. Defendant CITY is vicariously liable, pursuant to California Government Code §815.2, for the violation of rights by its employees and agents.

7. Defendant ZACHARY MCAULIFFE (hereinafter "Defendant McAuliffe") was and at all times mentioned herein is a police officer for the San Francisco Police Department and CITY, and is sued in his individual capacity.

8. Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

9. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for CITY.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as

the agent, servant, and employee and/or in concert with each of said other Defendants herein.

12. Plaintiff filed a timely government claim with CITY, which was rejected on November 3, 2021.

## FACTUAL ALLEGATIONS

13. On the afternoon of May 7, 2021, Plaintiff Xavier Pittman and another individual stood outside of a vehicle parked at or near the corner of Jack London Alley and Varney Place in the City of San Francisco. Unbeknownst to the two men, they were being surveilled by several City of San Francisco Police Officers pursuant to their investigation into a reported car burglary.

14. As Mr. Pittman stood hunched over with his back toward the assembled plain clothes Officers, Defendant SFPD Officer Zachary McAuliffe and his partner ran towards Mr. Pittman. Both Defendant McAuliffe and his partner had their guns in hand as they charged towards the unsuspecting Mr. Pittman.

15. Defendant McAuliffe grabbed Mr. Pittman from behind and took him to the ground. He then handcuffed Mr. Pittman. Throughout the encounter, Mr. Pittman was compliant and did not resist, even though the plain-clothed officers did not visibly appear to be police.

16. At some point during the encounter, the other individual drove off in the vehicle, leaving Mr. Pittman and the officers behind.

17. Upon information and belief, Defendant McAuliffe never made any effort to re-holster his gun prior to tackling and taking control of Mr. Pittman's hands and/or arms.

18. Without warning or provocation, Defendant McAuliffe shot Mr. Pittman in the wrist as he was in the process of reportedly placing Mr. Pittman into handcuffs.

19. Mr. Pittman was hospitalized as a result of the gunshot wound. He suffered severe pain, suffering, emotional distress, and humiliation.

## DAMAGES

20. As a direct and proximate result of each of the Defendant's unreasonable and excessive force, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizens.

21. The conduct of Defendants McAuliffe and DOES 1-50 was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against Defendants McAuliffe and DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment — Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiff against Defendants MCAULIFFE and DOES 1-50)*

22. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

23. When Defendant McAuliffe shot Plaintiff, Plaintiff was not a credible threat, as he was unarmed, physically restrained and compliant with the police officers. Defendants' conduct deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution.

24. As a result of this misconduct, Defendants are liable for Plaintiff's injuries

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

# SECOND CAUSE OF ACTION
**(Fourteenth Amendment—Violation of Plaintiff's Due Process Rights)**
*(Plaintiff against Defendants MCAULIFFE and DOES 1-50)*

25. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

26. Defendant McAuliffe's use of deadly force when he shot Plaintiff was done without providing a verbal warning. Defendant McAuliffe's use of deadly force was in reckless disregard for Plaintiff's right to be free from excessive force. Furthermore, Defendant McAuliffe's decision to shoot Plaintiff while he was unarmed, compliant and physically restrained shocks the conscience.

27. Defendant McAuliffe's conduct violated Plaintiff's right to due process protection given the fact that Defendant McAuliffe's conduct shocked the conscience when he shot him while he was unarmed, compliant and physically restrained and not posing a threat to the officers or anyone else.

28. As a direct and proximate result of Defendant McAuliffe's conduct as described above, Plaintiff is entitled to damages, penalties, costs, and attorneys' fees as set forth in the paragraphs above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

//

//

//

# THIRD CAUSE OF ACTION
### (Violation of CALIFORNIA CIVIL CODE § 52.1 "The Bane Act")
*(Plaintiff against Defendants CITY, MCAULIFFE, and DOES 1-50)*

29. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

30. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

31. By their conduct described herein, Defendants McAuliffe and DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

32. Excessive force which violates the Fourth Amendment, also violates the Bane Act.[2] Defendant McAuliffe's use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

33. Further, any volitional violation of rights done with reckless disregard for those rights

---

[2] *See Chaudhry v. City of Los Angeles,* 751 F.3d 1096, 1105 (9th Cir. 2014) (citing *Cameron v. Craig,* 713 F.3d 1012, 1022 (9th Cir. 2013)).

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[3] All of Defendants McAuliffe's violation of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none were accidental or merely negligent.

34. Alternatively, Defendants McAuliffe and DOES 1-50 violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

   a. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;
   b. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;
   c. Defendant McAuliffe using force against Plaintiff in the absence of any threat or need for such force;
   d. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);
   e. Violating multiple rights of Plaintiff;

35. Defendant CITY AND COUNTY OF SAN FRANCISCO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

36. As a direct and proximate result of Defendants DOES 1-50 and McAuliffe's violation of California Civil code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is

---

[3] *Cornell v. City and County of San Francisco,* 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

entitled to relief as set forth above, including punitive damages against Defendant DOES 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Battery — Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiff against Defendants MCAULIFFE, CITY and DOES 1-50)*

37. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

38. Defendant McAuliffe, while working as an officer of the San Francisco Police Department, and acting within the course and scope of his duties, intentionally injured Plaintiff without a lawful basis.

39. As a result of Defendant McAuliffe's actions, Plaintiff suffered physical injuries. Defendant McAuliffe did not have legal justification for using force against Plaintiff, and Defendant McAuliffe's use of force while carrying out their law enforcement duties was an unreasonable use of force.

40. As a direct and proximate result of Defendant McAuliffe's battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

**FIFTH CAUSE OF ACTION**
**(Negligence)**
*(Plaintiff against Defendants MCAULIFFE, CITY and DOES 1-50)*

41. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

42. At all times, Defendants owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

43. At all times, Defendants owed Plaintiff the duty to act with reasonable care.

44. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   a. to refrain from using excessive and/or unreasonable force against Plaintiff;
   b. to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;
   c. to refrain from abusing their authority granted to them by law; and
   d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

45. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

46. Defendant CITY AND COUNTY OF SAN FRANCISCO is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code §815.2.

47. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages and, against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

48. Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against Defendant McAuliffe and DOES 1-50 in a sum according to proof;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5. For the cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated: April 19, 2022

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ Patrick Buelna
PATRICK M. BUELNA, Esq.
Attorneys for PLAINTIFF