**ADANTÉ D. POINTER, ESQ., 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LAWYERSFTP.COM
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff
XAVIER PITTMAN


DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
THOMAS S. LAKRITZ, State Bar #161234
S. PATRICK KELLY, State Bar # 275031
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3963
Facsimile:     (415) 554-3837
E-Mail:        tom.lakritz@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
ZACHARY MCAULIFFE

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER PITTMAN, an individual; | Case No.: 3:22-cv-02412-LB |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; ZACHARY MCAULIFFE, in his individual capacity as a police officer for the CITY | Hearing Date: July 28, 2022 Time: 9:30 AM Place: Via Zoom |

| | |
|---|---|
| 1 | AND COUNTY OF SAN FRANCISCO; and ) |
| 2 | DOES 1-50, inclusive. ) |
| | ) |
| 3 | Defendants. ) |
| | ) |

Counsel for Plaintiff Xavier Pittman and Defendants City and County of San Francisco (the "City") and Officer Zachary McAuliffe (collectively, "Defendants") (together Plaintiff and Defendants, the "Parties") have met and conferred as required by Federal Rule of Civil Procedure 26(f) and this Court's Order Setting Initial Case Management Conference. Pursuant to Rule 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, the Parties hereby submit the following Joint Rule 26(f) Report and Initial Case Management Conference Statement:

1. **Jurisdiction, Venue, and Service:**

<u>Jurisdiction:</u> The Parties agree that this Court has jurisdiction over this action under 28 U.S.C § 1331.

<u>Venue:</u> The Parties agree that venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b). The Parties agree that intradistrict venue is proper in the San Francisco Division of the United States District Court for the Northern District of California pursuant to N.D. Cal. Civ. L.R. 3-2(d)

<u>Service:</u> Defendant the City was served on April 21, 2022. Defendants the City and Officer McAuliffe answered Plaintiff's complaint on May 12, 2022.

2. **Facts:**

a. **Plaintiff's Position:**

On the afternoon of May 7, 2021, Plaintiff Xavier Pittman and another individual stood outside of a vehicle parked at or near the corner of Jack London Alley and Varney Place in the City of San Francisco. Unbeknownst to the two men, they were being surveilled by several City

of San Francisco Police Officers pursuant to their investigation into a reported car burglary.

As Mr. Pittman stood hunched over with his back toward the assembled plain clothes Officers, Defendant SFPD Officer Zachary McAuliffe and his partner ran towards Mr. Pittman. Both Defendant McAuliffe and his partner had their guns in hand as they charged towards the unsuspecting Mr. Pittman.

Defendant McAuliffe grabbed Mr. Pittman from behind and took him to the ground. He then handcuffed Mr. Pittman. Throughout the encounter, Mr. Pittman was compliant and did not resist, even though the plain-clothed officers did not visibly appear to be police.

At some point during the encounter, the other individual drove off in the vehicle, leaving Mr. Pittman and the officers behind.

Upon information and belief, Defendant McAuliffe never made any effort to re-holster his gun prior to tackling and taking control of Mr. Pittman's hands and/or arms. Without warning or provocation, Defendant McAuliffe shot Mr. Pittman in the wrist as he was in the process of reportedly placing Mr. Pittman into handcuffs.

Mr. Pittman was hospitalized as a result of the gunshot wound. He suffered severe pain, suffering, emotional distress, and humiliation.

Plaintiff served Defendant CCSF with a California Public Records Act request for the relevant documents to identify the involved and liable parties, but Defendant CCSF refused to disclose any information.

**b. Defendants' Position:**

On May 7, 2021, Pittman, who is well known to the San Francisco Police Department for his many prior automobile burglaries, was under investigation and surveillance for casing vehicles, breaking into cars, smashing their windows, and stealing their contents. On May 7,

**Joint Case Management Statement**
**Pittman v. City and County of San Francisco, et al.**
- 3 -

2021, preceding the incident that is the subject of the Complaint, San Francisco Police received five separate reports of car break-ins in rapid succession around the City. Callers into 911 reported the crimes, providing police with the license plate number and a description of the car involved which matched the stolen vehicle Pittman was using for his smash-and-grab spree. Callers reported hearing glass break, seeing people remove luggage and purses from vehicles, and seeing people casing parked cars. Officer McAuliffe and his partner witnessed Pittman and his accomplices commit at least two automobile burglaries.

Pittman and his accomplices took the spoils of their multiple auto thefts in their stolen car to a location near the corner of Jack London Alley and Varney Place in San Francisco. Pittman and an accomplice proceeded to leave the stolen vehicle and sort through the items they had taken from the cars they had broken into, emptying the contents onto the ground. At least one other accomplice remained in the stolen car.

Plainclothes officers, including Officer McAuliffe, located Pittman and his accomplices in the alley. Based on training and experience, they knew that auto burglars such as Pittman and his accomplices were usually armed and were very likely to fight or flee if they knew that police were in the area. There is a history of auto burglars, such as Pittman and his accomplices, brandishing their firearms at people, including good Samaritans, victims, and witnesses, and such burglars have been known to shoot at people who confront them. With this knowledge, the officers drew their service firearms and clearly displayed their badges. Pittman's accomplice saw the officers and jumped into the car which shortly thereafter sped away with the back still open, hitting a car and nearly hitting a pedestrian. In an effort to stop Pittman's accomplice from alerting Pittman to the officers' presence and thereby causing Pittman to flee, the officers ran towards Pittman. Officer McAuliffe identified himself as police

and attempted to bring Pittman to the ground with his hands.  At the time of contact with Pittman, Officer McAuliffe believed his service firearm was holstered.  It was not.  In the course of attempting to bring Pittman to the ground in order to stop Pittman from fleeing, Officer McAuliffe's service firearm discharged, striking Pittman.

The time between Pittman's accomplice seeing the officers and the incident, including the time it took for the accomplice to flee, for the officers to run into the alley, and for the officers to identify themselves was significantly less than ten seconds (approximately four to six seconds).  Officer McAuliffe immediately rendered first aid, applying a tourniquet which stopped Pittman's bleeding.  While Officer McAuliffe was rendering first aid, other officers called an ambulance which transported Pittman to hospital.

At no point did Officer McAuliffe handcuff Pittman.  Officer McAuliffe believed, mistakenly, that his service firearm was holstered when he made contact with Pittman.  At no point did Officer McAuliffe intend to shoot Pittman.

3. **Legal Issues:**

The primary legal issues raised by the Complaint are:

(1) Whether Officer McAuliffe violated Plaintiff Xavier Pittman's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

(2) Whether Officer McAuliffe is entitled to qualified immunity on Plaintiff's claims under 42 U.S.C. § 1983.

(3) Whether an accidental shooting can lead to liability under 42 U.S.C. § 1983 or overcome qualified immunity.  *See, e.g., Powell v. Slemp*, 585 Fed. Appx. 427,

427-28 (9th Cir. 2014); *Luna v. Ridge*, 436 F.Supp.2d 1163, 1169-70 (S.D. Cal. 2006).

(4) Whether Defendants violated Plaintiff Xavier Pittman's rights under California Civil Code § 52.1, and Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article 1, § 13 of the California Constitution.

(5) Whether Defendants committed the tort of battery against Plaintiff.

(6) Whether Defendants breached a duty of care owed to Plaintiff.

(7) Whether Defendants are entitled to immunity under state law, including Cal. Gov. Code § 815 *et seq.*

(8) Whether Defendants are completely immunized against the state law claims in Plaintiff's Fourth and Fifth Causes of Action by Cal. Gov. Code § 821.6. The breadth of immunity afforded by Cal. Gov. Code § 821.6 will be decided by the California Supreme Court in *Leon v. County of Riverside*, 283 Cal.Rptr.3d 1 (2021) (petition granting review). That case is fully briefed as of May 26, 2022.

(9) Whether the City is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code § 815.2.

(10) Whether the City is immune from all negligence claims under Cal. Gov. Code § 815.

4. **Motions:**

Plaintiff is considering filing a Motion for Partial Summary Judgment and/or Adjudication.

Defendants are considering filing a Motion for Summary Judgment and/or Adjudication. Such a motion may raise issues of qualified immunity or other immunities available at law.

**5. Amendment of Pleadings:**

Plaintiff may amend the complaint to name the individual defendants and additional causes of action upon review of Defendant City's disclosures.

Should Plaintiff amend the complaint, Defendants would be required to amend the answer.

**6. Evidence Preservation:**

The Parties have taken steps to collect and preserve evidence related to the issues presented by this action.

**7. Disclosures:**

The Parties made their respective initial disclosures on July 14, 2022.

**8. Discovery:**

1. Plaintiff's Discovery

Plaintiff anticipates serving written discovery requests, including interrogatories, document requests, and requests for admission. Plaintiff will also take the depositions of the involved officer(s), persons most knowledgeable, and percipient witnesses, will subpoena relevant third-party records (such as medical records, employment records, and incident reports), and will take expert depositions.

Plaintiff served Defendants with the first set of F.R.C.P. Rule 34 Requests for Production on June 1, 2022. Plaintiff received Defendants' responses to his first set of Requests for Production on July 1, 2022 in which Defendants indicated that they will be producing responsive documents henceforth.

///

2. <u>Defendant's Discovery</u>

Defendants anticipate serving written discovery requests including interrogatories, document requests, and requests for admission. Defendants will subpoena relevant third-party records (such as medical records, employment records, criminal records, educational records, etc.). Defendants will also take the depositions of Plaintiff, Plaintiff's accomplices, and potentially Plaintiff's medical providers and Plaintiff's employers, if any. Defendants will also take an Independent Medical Examination of Plaintiff. Defendants will also take expert depositions.

Defendants anticipate that there may be discovery issues with Plaintiff and Plaintiff's accomplices either refusing to be deposed or asserting their right against self-incrimination under the Fifth Amendment to the United States Constitution. In such an instance, Defendants anticipate seeking an adverse inference.

Defendant City served Plaintiff with the first set of F.R.C.P. Rule 34 Requests for Production and the first set of F.R.C.P. Rule 33 Interrogatories on July 11, 2022.

**9. Class Actions:**

This is not a class action.

**10. Related Cases:**

There are no related civil cases.

**11. Relief:**

Plaintiff's Statement

Plaintiff seeks a judgment in his favor. Plaintiff seeks monetary damages individually for past and future emotional distress, pain and suffering, medical costs, and loss of wages. Plaintiff seeks punitive damages against Defendant McAuliffe. Plaintiff also seeks reasonable

attorney fees and costs.

Defendant's Statement

Defendants seek a judgment in their favor. Defendants seek reasonable attorney's fees and costs.

Pursuant to the Standing Order for All Judges of the Northern District of California, if liability is established against Defendants – which liability is explicitly contested and denied by Defendants – Defendants believe that recovery should be calculated by summing the actual amounts paid by Plaintiff or Plaintiff's insurer for medical care arising from the incident. *See, e.g., Howell v. Hamilton Meats & Provisions*, 52 Cal. 4th 541, 565-66 (2011) (limiting recovery to the amount actually paid); *Hanif v. Housing Authority*, 200 Cal. App. 3d 635, 641 (1988) (same). Defendants believe any such amount should be subject to the liens of *inter alia* Zuckerberg San Francisco General Hospital, if any. At present, Defendants do not believe that there would be any other potentially recoverable damages.

**12. Settlement and ADR:**

The Parties have agreed to participate in a Mandatory Settlement Conference with a Magistrate Judge. The Parties suggest Magistrate Judge Cousins. The Parties request a referral to Judge Cousins for an early Mandatory Settlement Conference date.

**13. Consent to Magistrate Judge for All Purposes:**

All Parties consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References:**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues:

The Parties will seek to narrow issues via the discovery process, meeting and conferring, and motion(s) for summary judgment or partial summary judgment following discovery. Plaintiff and Defendants reserve the right to seek bifurcation of issues if the need arises.

The California Supreme Court's decision in *Leon v. County of Riverside* may narrow the issues in this case by clarifying that Defendants are immune from certain of Plaintiff's claims.

### 16. Expedited Trial Procedure:

The Parties do not believe that an expedited schedule is appropriate.

### 17. Scheduling:

The Parties have met and conferred, and based on their respective schedules, they propose the following case schedule:

| | |
|---|---|
| Deadline for Amended Pleadings: | November 4, 2022 |
| Close of Non-Expert Discovery: | March 24, 2023 |
| Expert Disclosure: | April 10, 2023 |
| Rebuttal Expert Disclosure: | May 30, 2023 |
| Close of Expert Discovery: | June 20, 2023 |
| Deadline to File Dispositive Motions: | July 20, 2023 |
| Dispositive Motion Hearing Date: | August 24, 2023 |
| Pretrial Conference Statement: | September 25, 2023 |
| Pretrial Conference: | October 9, 2023 |
| Trial: | October 23, 2023 |

**18. Trial:**

The Parties request a trial by jury and expect the trial to last approximately five to seven court days.

**19. Disclosure of Non-party Interested Entities or Persons:**

No persons, firms, partnerships, corporations (including parent corporations) or other entities are known by the Parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20. Professional Conduct:**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

The Parties are not aware of any other matter they should bring to the Court's attention at this time.

Dated: July 18, 2022

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ Ty Clarke
Ty Clarke
Attorney for Plaintiff
XAVIER PITTMAN

Dated: July 18, 2022

/s/ S. Patrick Kelly
S. Patrick Kelly
Attorney for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
ZACHARY MCAULIFFE